UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

          Plaintiff,      Case No. 24-13348

v.                              Judith E. Levy
                               United States District Judge

Michael Bagley, *et al.*,

                               Mag. Judge Elizabeth A.
         Defendants.   Stafford

_____/

**OPINION AND ORDER STRIKING PLAINTIFF'S FILINGS [97, 98, 99, 100, 101, 102, 104, 105, 106] AND ENJOINING PLAINTIFF FROM FURTHER FILINGS WITHOUT FIRST OBTAINING <u>LEAVE OF COURT</u>**

*Pro se* Plaintiff Joy Rahaman has an extensive history with the Court related to actions stemming from a 2016 car accident. Plaintiff filed her first case in the Eastern District of Michigan, Case No. 20-11628, in 2020. The Court dismissed it with prejudice in 2022. *See Rahaman v. Am. Connect Fam. Prop. & Cas. Ins.*, No. 20-11628, 2022 WL 4596305 (E.D. Mich. Sept. 30, 2022). Plaintiff then filed a motion for relief from judgment. The Court denied the motion, Plaintiff appealed, and the Sixth Circuit affirmed. *See Rahaman v. Am. Connect Fam. Prop. & Cas. Ins.*,

No. 20-11628, 2024 WL 890521 (E.D. Mich. Mar. 1, 2024), *aff'd*, No. 24-1178, 2024 WL 5445319 (6th Cir. Oct. 21, 2024).

Since then, Plaintiff has filed eight more lawsuits, including the current action, related to the same car accident. *See Rahaman v. State Farm Mut. Ins. Co.*, Case No. 22-10635 (grant of summary judgment affirmed by Sixth Circuit); *Rahaman v. Spine Specialist of Mich.*, Case No. 22-12349 (motion to dismiss granted); *Rahaman v. Bodecker Law P.C.*, Case No. 24-10825 (decision on the Magistrate Judge's report and recommendation to dismiss the complaint pending); *Rahaman v. Progressive Ins. Co.*, Case No. 24-12015 (motion to dismiss pending); *Rahaman v. Boedeker*, No. 24-12885 (dismissed sua sponte for lack of subject-matter jurisdiction); *Rahaman v. Radden*, No. 24-12865 (motion to dismiss pending); and *Rahaman v. State Farm Mut. Ins. Co.*, No. 24-13459 (motion to dismiss pending).

This case, Case No. 23-13348, is another suit relating to these claims. Plaintiff filed the complaint on December 16, 2024. Plaintiff makes sixteen claims and seeks over thirty million dollars in relief. (ECF No. 1, PageID.34.) On April 28, 2025, in a similar case, the Court issued an opinion and order that "g[ave] Plaintiff a final warning to refrain from

duplicative, frivolous, fraudulent, or harassing filings, including the filing of additional lawsuits related to the allegations in this case or the filing of unnecessary papers on the dockets of cases that have been dismissed." (Case No. 24-13459, ECF No. 88, PageID.803.) The Court cautioned that "[f]ailure to heed this warning will result in significant prefiling restrictions being placed on Plaintiff." (*Id.*) On April 29, 2025, the Magistrate Judge "echoe[d the Undersigned's] recent order warning [Plaintiff] to refrain from making duplicative, frivolous, fraudulent, or harassing filings, including the filing of unnecessary papers" and stated that if she "makes another filing that violates Rule 11, she will face sanctions under Rule 11 or the Court's inherent authority, and those sanctions may include the involuntary dismissal of her complaint." (Case No. 24-13459, ECF No. 89, PageID.806.)

Plaintiff continues to file repetitive and meritless documents, in violation of the Court's orders. On April 30, 2025, she filed a reply to a response to her motion for sanctions.[1] (ECF No. 97.) That same day, she

---

[1] Plaintiff filed that motion for sanctions on April 14, 2025. (ECF No. 48.) Since then, she has filed two certificates of service (ECF Nos. 49, 92), two addenda (ECF Nos. 50, 90), and four declarations (ECF Nos. 55, 65, 91, 93) related to that motion alone.

3

also filed a certificate of service (ECF No. 98) and a declaration (ECF No. 99). On May 1, 2025, Rahaman filed additional objections to a motion to dismiss[2] (ECF Nos. 100, 104), additional certificates of service (ECF Nos. 101, 105), and additional declarations (ECF Nos. 102, 106).

The Court warned Plaintiff that no further filings related to the 2016 accident would be accepted and that any future filings related would be stricken, even if filed as a separate case. (Case No. 24-13459, ECF No. 88, PageID.803–04.) Plaintiff's most recent filings are therefore stricken pursuant to the Court's April 28, 2025 opinion and order (*See id.*)

Although the Court has warned Plaintiff that her continued violations of the Court's orders may result in an order enjoining her from future filings, Plaintiff continues to file repetitive and meritless motions. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

Thus, the Court orders that **Plaintiff is enjoined from further filings**. No further filings will be accepted from Plaintiff absent an order

---

[2] Plaintiff has previously filed responses to the motion to dismiss. (*See* ECF Nos. 27, 28, 30.)

4

from the Court. In order to obtain permission to file a motion, a response, or a new case, Plaintiff must certify that the filings she presents have not been raised and disposed of in this Court or in the Court of Appeals and that they set forth a claim for relief. Plaintiff must also present the basis for that claim.

Accordingly, Plaintiff's filings (ECF Nos. 97, 98, 99, 100, 101, 102, 104, 105, 106) are STRICKEN, and Plaintiff is ENJOINED from further filings. Violation of this Order may lead to dismissal of this case.

IT IS SO ORDERED.

Dated: May 5, 2025　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2025.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager