## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Joy Rahaman,

                Plaintiff,        Case No. 24-13348

v.                          Judith E. Levy
                                United States District Judge

Michael Bagley, *et al*.

                Defendants.    Mag. Judge Elizabeth A. Stafford

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT RADDEN'S MOTION TO DISMISS AND FOR AN INJUNCTION [18]; GRANTING DEFENDANTS BAGLEY AND SPECIALTY SURGICAL CENTER'S MOTION TO DISMISS [25]; AND DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE EXCESS PAGES [34], PLAINTIFF'S MOTION FOR SANCTIONS [48], AND PLAINTIFF'S MOTIONS TO STRIKE [35, 69]

On December 16, 2024, *pro se* Plaintiff Joy Rahaman[1] filed this

action against Michael Bagley, Louis Radden, and Specialty Surgical

---

[1] Plaintiff has been determined to be a vexatious litigant and is now an enjoined filer in the Eastern District of Michigan. (ECF No. 108, PageID.1750–1751.) She has filed many cases, including this one, related to actions stemming from a 2016 car accident. After the Court dismissed her first case with prejudice and denied a motion for relief of judgment, the Sixth Circuit affirmed. *Rahaman v. Am. Connect*

Center. (ECF No. 1.) On January 6, 2025, Defendant Louis Radden filed a motion to dismiss and for an injunction. (ECF No. 18.) On January 10, 2025, Defendants Michael Bagley and Specialty Surgical Center filed a motion to dismiss. (ECF No. 25.) Plaintiff has filed multiple responses to these motions. (ECF Nos. 26–30.) The case was reassigned to the undersigned on March 27, 2025. (ECF No. 44.)

The Court has carefully reviewed all filings. For the reasons set forth below, the Court grants Defendant Radden's motion to dismiss and denies as moot his motion to enter an injunction to enjoin Plaintiff.[2] The Court grants Defendants Bagley and Specialty Surgical Center's motion.

_____

*Fam. Prop. & Cas. Ins.*, No. 20-11628, 2024 WL 890521 (E.D. Mich. Mar. 1, 2024), *aff'd*, No. 24- 1178, 2024 WL 5445319 (6th Cir. Oct. 21, 2024). She then continued to file seven more lawsuits related to the same car accident. Besides this action, all have been dismissed. *See Rahaman v. State Farm Mut. Ins. Co.*, Case No. 22-10635 (grant of summary judgment affirmed by Sixth Circuit); *Rahaman v. Spine Specialist of Mich.*, Case No. 22-12349 (motion to dismiss granted); *Rahaman v. Bodecker Law P.C.*, Case No. 24-10825 (report and recommendation to dismiss adopted); *Rahaman v. Boedeker*, No. 24-12885 (dismissed sua sponte for lack of subject-matter jurisdiction); *Rahaman v. Radden*, No. 24-12865 (motions to dismiss granted); and *Rahaman v. State Farm Mut. Ins. Co.*, No. 24- 13459 (report and recommendation to dismiss adopted).

[2] In the body of their brief, Defendants Bagley and Specialty Surgical Center also request that the Court enjoin Plaintiff. (ECF No. 25, PageID.177–178.) The Court denies these requests as moot because Plaintiff was enjoined on May 5, 2025. (ECF No. 107.)

The Court dismisses the case with prejudice.[3] The Court denies as moot Plaintiff's motion for leave to file excess pages, her motions to strike, and motion for sanctions. (ECF Nos. 34, 35, 48, 69.)

## I.    Legal Standard

Defendants seek dismissal for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, which the Court evaluates under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Challenges to subject-matter jurisdiction pursuant to Rule 12(b)(1) "are categorized as either a facial attack or a factual attack." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). A facial attack on

---

[3] "[D]ismissals for lack of jurisdiction should generally be made without prejudice," and dismissals for lack of jurisdiction with prejudice should be largely limited to "rare circumstances" such as where the court is using "its inherent power to dismiss with prejudice (as a sanction for misconduct)." *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (cleaned up) (quoting *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 297 (6th Cir. 2001)). Still, the Sixth Circuit "long has recognized that a trial court's inherent power includes the power to dismiss cases involving flagrant abuses." *Mitan*, 23 F. App'x at 298. Although the Court dismisses the case for lack of jurisdiction, the Court finds this action is a "rare circumstance[]" where it is appropriate to dismiss the case against her with prejudice. Plaintiff is a vexatious litigant with an extensive history of filing frivolous actions stemming from this car accident. The Court therefore "invoke[s] its inherent authority to sanction [the plaintiff for her] repeated abuse of the judicial process" and dismisses the case with prejudice. *See Mitan*, 23 F. App'x at 299.

subject-matter jurisdiction, such as the one raised here, challenges the sufficiency of the pleadings. *Wayside Church v. Van Buren County*, 847 F.3d 812, 817 (6th Cir. 2017). "Under a facial attack, all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).

Under Rule 12(b)(6), the Court may dismiss a case for failure to state a claim upon which relief can be granted. "For a plaintiff's claim to survive a motion to dismiss, the plaintiff must present a facially plausible complaint that asserts more than bare legal conclusions." *Green v. City of Southfield*, 759 F. App'x 410, 413 (6th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court "must construe the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). However, a court does not need to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## II.   Analysis

4

The Court dismisses the case for lack of subject-matter jurisdiction.

### A.    Diversity Jurisdiction

Plaintiff cannot establish diversity jurisdiction. Under 28 U.S.C. § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Here, Plaintiff concedes in her complaint that all parties are citizens of Michigan. (ECF No. 1, PageID.4–6 (stating Plaintiff is a citizen of Michigan, Defendant Bagley is a citizen of Michigan, Defendant Radden is a citizen of Michigan, and Specialty Surgical Center is a citizen of Michigan).) Because the complaint asserts that all parties are citizens of the same state, the Court does not have subject-matter jurisdiction over this action based on diversity of citizenship.

### B.    Federal Question Jurisdiction

Neither is there federal-question jurisdiction. In her complaint, Plaintiff lists the following 17 causes of action: (1) negligent infliction of emotional distress, (2) intentional infliction of emotional distress, (3) stalking, (4) hate crime, (5) negligence, (6) gross negligence, (7) vicarious liability, (8) civil conspiracy, (9) fraud misrepresentation, (10) fraudulent

concealment, (11) fraudulent inducement, (12) fraud, (13) "18 U.S.C. 241 conspiracy against rights," (14) color discrimination, (15) discrimination, (16) religious discrimination, and (17) "42 U.S.C. § 1981(a) equal rights under the law." (ECF No. 1.)

Of those 17 counts, 15 make no reference to federal law and do not set forth any facts in support of federal question jurisdiction. Therefore, the Court only evaluates whether the remaining two provide a basis for federal question jurisdiction: (13) conspiracy against rights and (17) equal rights under the law. They do not. Since neither of them provide a basis for federal jurisdiction, the Court does not have supplemental jurisdiction over the other state-law claims, and the Court must dismiss the case.

### i.     *Conspiracy against rights (18 U.S.C. § 241)*

Plaintiff's thirteenth claim is "18 U.S.C. 241 conspiracy against rights." (ECF No. 1, PageID.23.) However, "Section 241 provides for *criminal* penalties for conspiracies against civil rights. . . . [It is] part of the criminal code and civil relief is not afforded by them." *Jenkins v. Livonia Police Dep't*, No. 13-14489, 2015 U.S. Dist. LEXIS 137248, at *6 (E.D. Mich. Oct. 7, 2015) (emphasis added); *see also Willing v. Lake Orion*

6

*Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) ("[T]he law is clear that § 241 does not provide a basis for a civil liability."). Since Plaintiff's claim for civil conspiracy fails, it cannot be a basis for federal question jurisdiction.

### ii.      Equal rights under the law (42 U.S.C. § 1981(a))

Plaintiff's seventeenth claim is "42 U.S.C. § 1981(a) equal rights under the law." (ECF No. 1, PageID.24.) This claim is barred by the statute of limitations.[4]

Section 1981 "does not contain a statute of limitations, [so] federal courts should select the most appropriate or analogous state statute of limitations." *Hayes v. Cowans*, No. 14-2366, 2014 U.S. Dist. LEXIS 90858, at *17–18 (W.D. Tenn. June 5, 2014) (quoting *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)). The Sixth Circuit has held that in Michigan, "[a] four-year statute of limitations applies to claims made pursuant to section 1981." *Grain v. Trinity Health*, 431 Fed. Appx. 434,

---

[4] Although a 12(b)(6) motion is generally "an inappropriate vehicle" for dismissing a claim based on a statute of limitations, "dismissal is warranted if the allegations in the complaint affirmatively show that the claim is time-barred.'" *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (quoting *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013)).

7

449 (6th Cir. 2011) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–84 (2004) and 28 U.S.C. § 1658)).

Here, Plaintiff concedes that the events giving rise to her claims occurred in 2016 and 2017. (ECF No. 1, PageID.9–15.) Applying the four-year statute of limitations, Plaintiff's claims were time-barred after 2021. Plaintiff filed this action on December 16, 2024, so this claim is dismissed as untimely. Since Plaintiff's Section 1981 claim fails, it cannot be a basis for federal question jurisdiction.

Because there is no diversity or federal question jurisdiction, the Court dismisses the case for lack of subject-matter jurisdiction.

## III.   Conclusion

For the reasons set forth above, Defendant Radden's motion is GRANTED IN PART AND DENIED AS MOOT IN PART. (ECF No. 18.) Defendants Bagley and Specialty Surgical Center's motion is GRANTED. (ECF No. 25.) The case is DISMISSED WITH PREJUDICE.

Plaintiff's motion for leave to file excess pages, her motions to strike, and motion for sanctions are DENIED AS MOOT. (ECF Nos. 34, 35, 48, 69.)

IT IS SO ORDERED.

8

Dated: August 12, 2025
  Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager